## Mike C. LeMaster v. Dalhart Real Estate Agency.

### Decided June 5, 1909.

**1.—Judgment—Bill of Review—Injunction.**

A proceeding in the nature of a bill of review for a new trial after the term at which a judgment was rendered, and after the time allowed for an appeal or writ of error has expired, and wherein the bill set forth the defects in the original proceedings, and alleged a meritorious defense and gave a sufficient excuse for the delay, considered and held to be a direct and not merely a collateral attack on the judgment.

**2.—Broker—Interest in Contract—Commissions.**

A mere selling agent or broker has no such interest in a contract secured by him for the purchase of land belonging to the broker's client as will authorize a recovery by the broker from a prospective purchaser of damages in the way of lost commissions upon breach of the contract by the purchaser.

**3.—Pleading—Amendment—Same Cause of Action.**

In a suit by land agents for commissions upon a sale of land, an amended petition based upon substantially the same facts but laying the damages at a larger amount, did not set up a new cause of action when it appeared that the larger amount was explainable by a mathematical calculation from the number of acres, the price per acre, and the rate of commissions, all of which were stated alike in both petitions.

**4.—Bill of Review—Sufficiency.**

Averments in a proceeding in the nature of a bill of review and for injunction, filed after the time for appeal and writ of error had expired, considered, and held sufficient as against a general demurrer.

Appeal from the District Court of Dallam County. Tried below before Hon. L. S. Kinder.

*Cooper & Stanford,* for appellant.

*Gustavus, Bowman & Jackson* and *Chauncey & Carter,* for appellee.
—In an action for equitable relief against a judgment the court will
not inquire into the sufficiency of the pleadings nor the cause of ac-
tion as alleged where such matters could have been reviewed by pro-
ceedings at law by appeal or writ of error. Insufficiency or illegal
cause of action: 23 Cyc., 998. Defects in pleadings: 23 Cyc., 1004;
Johnson v. Templeton, 60 Texas, 239; Harn v. Phelps, 65 Texas,
597; Harkness v. Hutcherson, 90 Texas, 383; Kansas City Life Ins.
Co. v. Warbington, 113 S. W., 990; Sperry v. Sperry, 103 S. W., 420;
Moore v. Perry, 35 S. W., 840.

A void judgment can not be enjoined where the petitioner could
have availed himself of a legal remedy and failed to do so. Galveston,
H. & S. A. Ry. Co. v. Ware, 74 Texas, 47; Texas-Mexican Ry. Co. v.
Wright, 88 Texas, 347; Givens v. Delprat, 67 S. W., 424; Kansas City
Life Ins. Co. v. Warbington, 113 S. W., 988; Cotter, Truelove & Co.
v. Parks, 80 Texas, 539; International & G. N. Ry. Co. v. Dalwigh,
56 S. W., 136; Gulf, B. & K. C. Ry. Co. v. O'Neill, 74 S. W., 961;
Texas & N. O. Ry. Co. v. Clippenger, 106 S. W., 157; Mayes v. Magill,
107 S. W., 364.

Increasing a demand in amount in the same suit between the same
parties involving the same subject matter is not the allegation of a
new cause of action.

A judgment is not void on account of a defective and irregular pro-
cess, even though such defects are such as would vacate a judgment
upon appeal or writ of error. 23 Cyc., 994; 17 Am. & Eng. Ency. of
Law, 1069; Hale v. McComas, 59 Texas, 486; Wills Point Bank v.
Bates, 76 Texas, 334; Moore v. Perry, 35 S. W., 840.

The court did not err in sustaining the general demurrer, for appel-
lant's petition was insufficient in its allegations in showing that the
judgment complained of was obtained through fraud, accident or mis-
take and that appellant was wholly free of negligence and without
fault himself. Johnson v. Templeton, 60 Texas, 239; Harn v. Phelps,
65 Texas, 597; Johnston v. Sharpe, 34 S. W., 1010; Adams v. First
Nat'l Bank, 52 S. W., 642; Weaver v. Vandervanter, 84 Texas, 692;
Texas Fire Ins. Co. v. Berry, 76 S. W., 219; Gilbert v. Cooper, 95
S. W., 753.

Appellant's petition showed upon its face that he was negligent in
not looking after and learning the action taken in the original suit,
and therefore the general demurrer to said petition was properly sus-
tained. Clegg v. Darragh, 63 Texas, 361; Bergstrom v. Kiel, 67 S.
W., 781; White v. Powell, 84 S. W., 836; Sperry v. Sperry, 103 S. W.,
420.

CONNER, Chief Justice.—Appellant instituted this suit in the
District Court of Dallam County on November 5, 1908, to enjoin and
to vacate a judgment by default rendered in the same court on April
13, 1906, in favor of appellee, the Dalhart Real Estate Agency, and
against appellant Mike C. LeMaster for the sum of seventeen hundred
and eighty-six dollars. From this judgment no appeal or writ of

error was ever prosecuted. At the inception of the present suit a temporary injunction was granted as prayed for, but at a term of the court thereafter, viz., on April 16, 1909, the court sustained appellee's general demurrer to appellant's petition and ordered the dissolution of the injunction. Appellant obtained leave to amend his petition and the cause on the merits was continued for the term. To the order dissolving the injunction, however, appellant excepted and duly prosecutes an appeal therefrom to this court.

The grounds upon which appellant in the petition excepted to bases his right to an injunction are: First, that the pleadings in the original suit affirmatively show that appellee had no right of recovery as adjudged on April 13, 1906; second, that said judgment of April 13, 1906, was predicated upon an amended petition which set up a new cause of action and to which appellant had not been cited to answer; and third, that the citation in the original suit served upon appellant was insufficient to confer jurisdiction of the court over his person. In verification of these averments the citation, the original and the amended original petition in the original suit were attached as exhibits to the petition for injunction, which also further set forth that no indebtedness as adjudged in fact ever existed, and gave appellant's excuse, to be hereinafter more particularly noticed, for not having earlier sought to set aside the judgment of which complaint is made.

The original petition in the suit culminating in the judgment of 1906 averred as a basis for the action that the plaintiff (appellee herein) was engaged in the real estate business, and on January 3, 1906, "had for sale the 7,489 acres in Dallam County, Texas, of and belonging to one W. M. Pardue, and that thereafter plaintiff offered said land to defendant at the sum of $5.50 per acre, wherein plaintiffs were to receive the sum of five percent commission for selling same to any one on the following terms, $2,500 cash, balance in the following payments: one-third, less $2,000, in sixty days, with remainder in one, two and three years at interest at the rate of eight percent per annum from date thereof." The petition further alleged that the defendant therein by telegram accepted said offer but later breached the contract of purchase, which at all times they were able and willing to complete, to plaintiff's damage ten hundred and twenty-four dollars, for which there was a prayer for recovery. The amended petition, filed after appellant had been personally served with the citation herein assailed, was substantially the same as the original petition, save that it set forth the correspondence ending in appellee's acceptance of terms and agreement to buy, and concluded with a prayer for damages in the sum of seventeen hundred and eighty-six dollars instead of ten hundred and twenty-four, as originally sought. The defects in the citation served upon appellant which it is insisted invalidates the judgment of April 13, 1906, are that the citation did not give the date of the filing of the original petition and failed to command the defendant to appear and answer the petition.

The case has been presented to us on the theory that the defects pointed out render the judgment of April 13, 1906, absolutely void and subject to collateral attack, the argument being that it is necessary to so conclude in order to authorize the injunction. It is to be ob-

served, however, that this is not a case where the judgment is collaterally brought in question, as where the judgment is offered as a muniment of title in a suit of trespass to try title, or the sale of a given piece of property is sought to be enjoined, but one where the judgment itself is the direct object of the attack. It is in the nature of a bill of review for a new trial after the term and after the time allowed for an appeal or writ of error, the petition setting up the defects in the proceedings, alleging a meritorious defense, and giving an excuse for the delay. Hence this suit constitutes a direct and not a collateral attack upon the judgment of April 13, 1906. (Crawford v. McDonald, 88 Texas, 626; Foust v. Warren, 72 S. W., 404.) This being true, we need not discuss the question whether the judgment of 1906 is void in an absolute sense, although inclined to agree with appellee that it is not, but need only determine whether the defects complained of are available in a direct proceeding as an appeal, writ of error, or for injunction, as here. Of this we entertain no doubt.

It was clearly decided by our Supreme Court on writ of error in Tinsley v. Dowell, 87 Texas, 23, that a mere selling agent or broker has no such interest in a contract for the purchase of land secured by him as authorizes a recovery of damages in the way of lost commissions from the proposed purchaser who has refused to comply with the contract. To the same effect is the decision in the case of Tinsley v. Anderson, 33 S. W., 266, by the Court of Civil Appeals of the Fourth Judicial District. On the authority of these decisions, which we approve, we are of opinion that in neither the original nor amended original petition upon which the judgment of April 13, 1906, is predicated, did appellee show a cause of action entitling him to recover any sum of money from appellant, and the judgment therefore was clearly erroneous. We are not inclined to attach any weight to the fact that the amended petition prayed for the recovery of a larger amount than was sought in the original, it appearing that it was a mere enlargement explainable by mathematical calculation from the number of acres, the price per acre, and the rate of commission stated alike in both petitions, but the omission of the citation to give the date of the filing of appellee's petition also renders the default judgment of April 13, 1906, erroneous. See Durham v. Betterton, 79 Texas, 223; Dunn v. Hughes, 36 S. W., 1084.

Appellant's petition distinctly alleging that appellant in fact was not indebted to appellee as adjudged in 1906, or in any other way, we have but to determine whether the facts averred sufficiently excuse appellant's failure to prosecute the usual legal remedy by appeal or writ of error for the correction of the errors in the judgment. On this subject the petition alleges in substance that at the time of the suit in 1906 appellant was residing in Altus in the State of Oklahoma; that soon after the service of citation upon him and before the meeting of the court at Dalhart, Texas, he employed W. T. McConnell, an attorney-at-law residing at Altus, "to look into the matter for this plaintiff and ascertain whether or not there was any cause of action against this plaintiff, and whether or not there was any sufficient service to confer jurisdiction upon this plaintiff, and that in case there was such

cause of action, and in case the court at Dalhart had acquired jurisdiction over this plaintiff, then the said W. T. McConnell should represent this plaintiff in said matter;" that said McConnell attended the court at Dalhart and wired appellee that the cause would not be tried; "that no further steps would be taken in said cause and that he would not be needed, whereupon this plaintiff returned to his home in Altus, Oklahoma; that a few days afterward and sometime before the judgment by default was rendered herein, the said McConnell returning to his home in Altus, Oklahoma, and reported to this plaintiff in person that the pleadings of the plaintiff in said cause at Dalhart stated no cause of action whatever against him, and that said cause had been by the plaintiff abandoned and that nothing further would be done in said cause." The petition further alleged that appellant believed the statements made to him by his attorney McConnell, who was thereupon paid his fee and discharged, and that he never in fact knew of the judgment by default until the service of a writ of garnishment more than two years after the rendition of the judgment. The petition further averred that "the defendants herein, or some of them, induced the said W. T. McConnell to believe that said cause had been abandoned and would not be prosecuted further, and caused the said W. T. McConnell to so report to this plaintiff, or if the above is not true, by accident or by mistake the said W. T. McConnell was caused to believe and to understand that said suit had been abandoned and would not be prosecuted further, and so reported to this plaintiff, or else the said W. T. McConnell, acting in bad faith with this plaintiff and for the purpose of misleading and deceiving this plaintiff and for the purpose of perpetrating a fraud upon this plaintiff, made representations to this plaintiff that said cause had been abandoned and would not be prosecuted further, and thereby misled and deceived and induced plaintiff to believe that said cause had been abandoned and would not be prosecuted, and that plaintiff did believe that said cause had in all things been abandoned."

For the purposes of the general demurrer these excusing averments must be accepted by us as true, and so considering them, we have concluded that they are sufficient to entitle appellant to a submission of the issue upon the merits. (Watson v. Texas & P. Ry. Co., 73 S. W., 830; Cetti v. Dunman, 26 Texas Civ. App., 433.) So concluding, we think the court erred in dissolving the injunction, and that the cause should be remanded for a trial upon the merits.

*Reversed and remanded.*