HILL v. ALEXANDER. (No. 7779.)

(Court of Civil Appeals of Texas. Dallas. April 7, 1917. Rehearing Denied June 16, 1917.)

1. PLEADING ⊙⟹110—PLEA OF PRIVILEGE—WAIVER.

Where defendant's plea of privilege to be sued in the county of his alleged residence was first sustained, and then, upon plaintiff's motion, such action of the court was set aside on the last day of the November term, 1915, and the cause passed until the January term, 1916, which continued until the first Monday in March, and, during the January term defendant failed to appear and urge his plea of privilege, and no order was made in respect thereto, by defendant's failure to appear during the January term and present his plea of privilege the plea was waived, and by operation of law overruled.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 231–233.]

2. BROKERS ⊙⟹74—REALTY BROKER—RECOVERY OF LOST COMMISSION FROM CONTRACTED PURCHASER.

A broker selling realty had no such interest in a contract for the purchase of the land secured by him as authorized him to recover damages for lost commission from the proposed purchaser who refused to comply with the contract.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 62.]

⊙⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

3. JUDGMENT ⟨⟩248—PLEADINGS AND ·PROOF.
A judgment must be supported by both pleadings and proof, and the absence of either is fatal to the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 434.]

Error from Dallas County Court, at Law; T. A. Work, Judge.

Suit by George Alexander against W. T. Hill. To review a judgment for plaintiff, defendant brings error. Affirmed in part, and reversed and remanded in part.

J. R. Stubblefield, of Eastland, for plaintiff in error. W. L. Mathis, of Dallas, for defendant in error.

TALBOT, J. · George Alexander sued W. T. Hill, in the county court at law of Dallas county, Tex., and in substance alleged: That Hill was a resident of Dallas county, Tex., or, if the plaintiff is mistaken as to the residence of Hill, that he was a transient person, or had more than one residence; that the plaintiff and the defendant entered into a contract under the terms of which plaintiff was to secure a purchaser of 320 acres of land in Morris county for a commission of 5 per cent. on the purchase price of the same, at the agreed price of $4,160, and that the aggregate amount of commissions which he was to be paid by Hill was $208 for securing the said purchaser; that the plaintiff secured such a purchaser, in the person of H. L. L. Kniffin; that the terms of an exchange of property was agreed upon by the said Hill and Kniffin under and by virtue of which Kniffin was to exchange property in Dallas for the said 320 acres of land owned by the said Hill; and that, though Kniffin was ready and willing to carry out the said contract of exchange, Hill refused to do so, and on this account the defendant became liable and promised to pay to the plaintiff the said commission, aggregating $208. The plaintiff further alleged that Kniffin had agreed to pay him a commission of 5 per cent. for securing a purchaser for the property of the said Kniffin, which was situated in the city of Dallas, and that this commission amounted to the sum of $208, and that Hill had full knowledge of this contract, and consented to the same; that by reason of the plaintiff securing the purchaser of the property of the said Kniffin in the person of Hill, and by reason of the further fact ·that Kniffin was ready and willing to carry out the said contract, and by reason of the further fact that Hill refused to carry out the said contract with Kniffin, the plaintiff was entitled to recover of Hill the commission which would have become due and payable to the said plaintiff by Kniffin, and on this account the plaintiff was entitled to recover· of the said Hill the additional sum of $208. The defendant Hill filed a plea of privilege to be sued in the county of his residence, that is,

in Eastland county, Tex., and a general denial. At the first term of the court after the defendant was served with citation, that is, at the September term of the court, 1915, the defendant appeared, and urged his plea of privilege to be sued in Eastland county, and the plaintiff urged some exceptions to the said plea of the defendant, which were by the court sustained, and the defendant filed an amended answer, and the case was continued to allow the plaintiff to have time in which to .meet the said answer, and at the next term of the court, that is, on the 3d day of November, 1915, the defendant appeared, and urged the said plea of privilege, and the same was sustained by the court, and later a new trial was granted to the plaintiff, and to the action of the court the defendant excepted. On March 22, 1916, the case was tried on its ·merits in the absence of the defendant or his counsel, and judgment was rendered for the plaintiff for the sum of $416, and interest. On March 23, 1916, the defendant filed a motion for new trial, and on March 29, 1916, the defendant filed an amended motion for new trial, which was ·by the court overruled on April 28, 1916, to which action of the court the defendant duly excepted, and gave notice of appeal to the Court of Civil Appeals. The appeal was not perfected, but the case is now before this court on writ of error.

[1] The first assignment of error is that: "The court erred in overruling the defendant's plea of privilege, and in not sustaining the same, as shown by the defendant's bill of exception."

This assignment will be overruled. As shown by the record, defendant's plea of privilege to be sued in the county of his alleged residence was first by the trial court sustained. Then upon motion of the plaintiff, Alexander, that action of the court on the last day of November term, 1915, of the court was set aside and the cause passed until the January term, 1916. The January term of the court began on the 3d day of that month, and continued until the first Monday in March, 1916. During the January term, 1916, of the county court the defendant, Hill, failed to appear and again urge his said plea of privilege, and no order was made with respect thereto. At the March term, 1916, of the court, and on the 22d day of said month, the case was called for trial, and the defendant, Hill, failing to appear either in person or by attorney, a verdict and judgment were rendered in plaintiff's favor for the amount sought to be recovered. There is no assignment of error complaining of the action of the court in setting aside its order sustaining the defendant's plea of privilege to be sued in the county of his residence, and, as shown by the record, no further order was made by the court in reference to such plea. The trial judge, in his qualification of the bill of exception found in the record reserved by the defendant, Hill, after stating

the course taken with reference to the plea of privilege and the proceedings upon the whole case, substantially as stated in this opinion, expressed the opinion that, as consequence of the defendant's failure to appear during the January term of the court and present his said plea of privilege, the same was waived and by operation of law overruled. This, we think, is the correct view of the matter, and the plaintiff in error, Hill, is in no position to complain and have the case reversed because said plea was not sustained and the cause transferred to the county of his residence.

[2] The third assignment of error is as follows:

"The pleadings in this case are not sufficient to warrant a verdict for the sum of $416 and interest thereon, in this: The plaintiff seeks to recover a commission from the defendant, on account of the profits, which he could have made, by the sale of property which belonged to Kniffin to the defendant, and it is not shown that the plaintiff had any interest in the property which belonged to Kniffin, or that the value of Kniffin's property had diminished, and further it is not shown that the plaintiff was other than a mere selling agent or broker, and had no such interest in the contract with the said Kniffin as would entitle the plaintiff to recover from the defendant, and the pleadings of the plaintiff are not sufficient to warrant a verdict for the sum of $416, and do not show a cause of action for said sum of money."

The proposition advanced under this assignment is that:

"The plaintiff was not entitled to recover from the defendant the sum of $208, which he would have earned from Kniffin, by making a sale of Kniffin's property, even though the defendant contracted to purchase Kniffin's property, and thereafter refused to consummate such contract."

This assignment and proposition must be sustained. The plaintiff, Alexander, sought to recover, and did recover, of the defendant, Hill, a judgment not only for the sum of $208, as commissions which he alleges the defendant agreed to pay him for securing a purchaser of the defendant's property, but also for the sum of $208 which plaintiff claims he would have received from Kniffin for making a sale of Kniffin's property. It was not alleged that the plaintiff, Alexander, had any interest in Kniffin's property, or that the value of said property had diminished, and we find no fact alleged which would entitle the plaintiff, Alexander, to recover any sum in excess of the $208 which it is alleged defendant, Hill, agreed to pay to plaintiff for securing a purchaser of his (defendant's) property. It is alleged, in substance, that at the instance of the defendant, Hill, the plaintiff, Alexander, after great diligence and in an effort to find and procure a purchaser of defendant's 320 acres of land, finally secured the contract alleged with Kniffin, but the only allegations bearing in any degree upon plaintiff's claim of right to recover the $208 which he says he would have been entitled to receive from Kniffin had said contract been carried into effect are as follows:

"And by agreement made and entered into between the plaintiff and Kniffin, of which defendant had full knowledge and notice, and to which he expressly consented, plaintiff was to receive a commission upon the consummation of said deal, from the said Kniffin in a sum equal to the amount of commission of said deal he was entitled to receive from the defendant, to wit, the sum of $208."

These allegations may serve to show that the defendant, Hill, knew that the plaintiff, Alexander, was to receive from Kniffin a commission for securing the alleged contract for the exchange of the lands between Hill and Kniffin amounting to $208, and consented thereto, but they do not show any promise whatever on the part of the defendant to pay to plaintiff said amount or liability on the part of the defendant in any event therefor as a result of the breach of said contract. Nor is such liability shown by any other allegation in the petition. In Tinsley v. Dowell, 87 Tex. 23, 26 S. W. 946, it is held:

"That a mere selling agent or broker has no such interest in a contract for the purchase of land secured by him as authorizes a recovery of damages in the way of lost commissions from the proposed purchaser who has refused to comply with the contract."

And to the same effect are the holdings in the cases of Tinsley v. Anderson, 33 S. W. 266; Le Master v. Dalhart Real Estate Agency, 56 Tex. Civ. App. 302, 121 S. W. 185; McGrew v. Norris, 140 S. W. 1143; Yzaguirre v. Garcia, 172 S. W. 139.

The effect of the recovery in this case under the allegations of the petition is to make the defendant, Hill, liable to the plaintiff, the real estate broker, for the commissions which the latter claims he was entitled to receive from Kniffin simply because defendant agreed to purchase Kniffin's property and thereafter refused to carry out the contract. Such we do not believe is the law. The plaintiff, Alexander, testified:

"My commission in the sum of $416 was agreed upon, Mr. Hill agreeing to pay one-half, or $208, and Mr. Kniffin paying one-half, or $208, representing 5 per cent. on each tract. Mr. Kniffin agreed to pay one-half said commission, and instructed Mr. Hill to pay same to me out of said $340 cash Kniffin was to receive from Mr. Hill in exchange of said lands and properties. Said commission was to be paid to me on the following morning, when Mr. Hill and Mr. Kniffin were to meet and exchange deeds to their property, all of which was fully understood and agreed upon by and between Mr. Hill and Mr. Kniffin at that time."

, Counsel for the plaintiff, Alexander, agrees that this testimony shows that the defendant, Hill, not only knew the terms between Kniffin and said Alexander for his commissions and agreed to them, but that he agreed to pay those very commissions out of moneys he was due Kniffin on the trade between Kniffin and plaintiff, Alexander, and hence liable.

[3] If it should be conceded, which is not done, that this testimony shows an absolute promise or agreement on the part of the defendant, Hill, to pay the commission

which Kniffin agreed to pay plaintiff, still such a promise or agreement is not alleged, and the judgment in this respect is without allegations to support it. It is elementary that a judgment must be supported by both pleadings and proof, and that the absence of either is fatal to the judgment. The rule announced in the authorities cited by the plaintiff, Alexander, is not believed to be applicable. If any one has a cause of action against the defendant, Hill, for refusing to carry out the alleged contract for the purchase of Kniffin's property, it is Kniffin, and not Alexander, the broker. It cannot, we believe, be said that the loss of the commissions which the plaintiff alleges he would have received from Kniffin had the trade for the exchange of lands between the defendant and Kniffin been consummated was a natural and probable consequence of the breach of the contract, and hence too remote to be recovered by plaintiff as an element of his damages against the defendant, Hill.

The other assignments of error need not be discussed. Our conclusion is that the judgment of the court below in favor of the plaintiff, Alexander, against the defendant, Hill, for the sum of $208, the amount of commissions agreed to be paid the plaintiff by Hill for his services in securing the contract in question with Kniffin, should be affirmed, and that said judgment for the $208, the amount plaintiff alleges he was entitled to receive from Kniffin for securing said contract, should be reversed, and the cause remanded for a new trial upon that phase of the case; and it is so ordered.