BAKER v. GREER. (No. 8124.)

(Court of Civil Appeals of Texas. Dallas. Feb. 1, 1919.)

1. BROKERS ⊂⊃88(2)—RIGHT TO COMPENSATION—EMPLOYMENT—SUFFICIENCY OF EVIDENCE.

In suit by realty broker for services in endeavoring to exchange defendant's land with third person, evidence that there was never any employment of plaintiff by defendant *held* to sustain verdict for defendant.

2. BROKERS ⊂⊃67(2) — COMPENSATION — REPRESENTATION OF BOTH PARTIES.

Where realty broker was representing person who had listed his land for sale or exchange, he could not legally represent his principal and defendant whom he endeavored to procure to exchange land, unless both principal and defendant knew he was representing both, and could not recover compensation or commission from defendant.

3. BROKERS ⊂⊃106—ACTION BY BROKER—LIABILITY OF CUSTOMER IN DEFAULT.

A realty broker, who procures defendant to agree to exchange his land for the land of the broker's principal, is not entitled to recover damages by way of lost commissions from defendant, who has refused to perform.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Suit by I. L. Baker against D. W. Greer. From judgment for defendant, plaintiff appeals. Affirmed.

J. Webb Stollenwerck and J. E. Clarke, both of Hillsboro, for appellant.

J. J. Averitte and Wear & Frazier, all of Hillsboro, for appellee.

RAINEY, C. J. Appellant brought this suit against appellee to recover for services rendered by him to appellee in trying to effect an exchange of land with one V. J. Love. Appellant claimed to be acting for both parties, and appellee, after making a contract, refused to consummate the deal, and became bound for appellant's commission of 2½ per cent., and for that amount appellee would have been responsible had he not refused to have closed the deal.

Appellee answered by general demurrer, general denial, and special denial of making any contract with appellant for him to act as agent in making sale or exchange of appellee's land, and that he was representing himself in the deal; that appellant was not in any wise the agent of appellee, and that it was never anticipated, understood, or agreed that the appellee had employed the appellant as agent.

Special issues were submitted to a jury, and upon a return of answers thereto favorable to appellee, judgment was rendered in favor of appellee.

[1] The first assignment of error presented by appellant is, in substance, that the verdict of the jury is contrary to the evidence, in that the contract in this case and the basis of this suit is expressed in writing, and marked No. 6 for identification, and then at some length purports to set out some of the provisions of said contract. The following proposition under said assignment is presented:

"The evidence as matter of law is that appellee signed instrument No. 6, and that in exact accordance with same a deed was drawn to Mrs. L. E. Ferguson, and all notes and payments were in exact conformation with said instrument No. 6."

V. J. Love listed his 156 acres of land with the appellant for sale or exchange. Appellant approached appellee, and endeavored to get appellee to exchange 86 acres he owned for the 136 acres owned by Love, and induced appellee to write him a letter containing a proposition for the exchange of the two tracts. In all the negotiations had between Baker and appellee regarding said deal Baker was representing Love, and appellee was representing himself. There is no evidence in the record that any agreement was entered into between appellee and Baker that Baker was to represent appellee in consummating the exchange of land. One of the issues submitted by the court was:

"Question 8. Did the defendant, D. W. Greer, authorize plaintiff, I. L. Baker, to make the exchange of his 88 acres of land for the 136 acres

of land owned by V. J. Love in accordance with the proposition contained in the instrument signed by D. W. Greer and marked 'No. 6'?" Answer: "No."

Further, the following issue was also submitted:

"Question 10. If you have answered all the above and foregoing questions, 'Yes,' then you will state what sum of money you find from the evidence plaintiff is entitled to as a reasonable compensation for his services rendered for defendant, D. W. Greer, and V. J. Love in connection with the exchange or sale of said 88 acres and the said 136 acres of land?" Answer: "None."

Also submitted issue No. 3, as follows:

"Did the plaintiff, I. L. Baker, ever tender to the defendant, D. W. Greer, for his ratification and signature, any such written contract as fully complied with the contract required by the terms of the letter dated August 21, 1917?" Answer: "No."

The record is silent as to any showing of appellee's liability to appellant for any commission due him as agent, and said assignment is overruled.

[2] As appellant was representing Love at the time, he could not legally represent both parties, unless Love and Greer knew and understood that appellant was to represent both parties in the deal. When appellee made his proposition to exchange lands, he did not know that appellant was representing Love in the exchange of his land. Tinsley v. Penniman, 12 Tex. Civ. App. 591, 34 S. W. 365; Armstrong v. O'Brien, 83 Tex. 635, 19 S. W. 268; Keitt v. Gresham, 174 S. W. 884.

In the case of Armstrong v. O'Brien, supra, it is said:

"It is well settled that a person cannot act in the capacity of agent for both the buyer and seller, and receive commissions from both; and from principles of public policy such an agent would not be allowed to recover compensation from either party, unless he should so act with the full knowledge and consent of both principals, and about this exception there is a conflict of authority. It makes no difference that the principal was not in fact injured, or that the agent intended no wrong, or that the other party acted in good faith."

[3] Appellant is not entitled to recover any amount from appellee for the commission due by Love for appellee's breach, if any, of the contract of exchange. "A mere land agent or broker has no such interest in a contract to purchase land secured by him as authorizes a recovery of damages in the way of lost commissions from the proposed purchaser, who has refused to comply with the contract." Le Master v. Agency, 56 Tex. Civ. App. 302, 121 S. W. 185; Tinsley v. Dowell, 87 Tex. 23, 26 S. W. 946; Bird v. Rowell, 180 Mo. App. 421, 167 S. W. 1173.

There are a number of other assignments, but all relate to supposed errors affecting the contract between Love and appellant, the decision of which would in no way affect the questions involved between appellant and appellee, and they will not be further discussed.

The judgment is affirmed.