## GRIFFIN v. MANGRUM. (No. 9173.)

(Court of Civil Appeals of Texas. Dallas.
Nov. 15, 1924. Rehearing Denied
Dec. 13, 1924.)

1. **Landlord and tenant** ⬅️**258—Landlord may foreclose statutory lien on stock selected by him.**

Landlord may have statutory lien, attaching to part of live stock sold to tenant, for making crop, etc., foreclosed on such of them as he selects.

2. **Landlord and tenant** ⬅️**254(2)—Landlord held not to have waived statutory lien on tenant's live stock.**

Taking mortgages on live stock, tools, etc., and hotel property, as additional security for stock, etc., sold to tenant to make crop, acceptance of realty for which tenant traded hotel property as partial payment of note, and release of written mortgages, *held* not waiver of landlord's statutory lien.

3. **Landlord and tenant** ⬅️**261 — Property which may be levied on in foreclosing landlord's lien stated.**

Property levied on in foreclosing landlord's lien on live stock, etc., sold to tenant to make crop, must be same or part of such property necessary for such purpose, and part of crop raised by tenant on landlord's premises during year in which crop was to be cultivated.

Appeal from Grayson County Court; R. M. Carter, Judge.

Action by J. S. Griffin against G. W. Mangrum. From judgment denying foreclosure of landlord's lien, plaintiff appeals. Reversed and remanded.

A. P. Caywood, of Whitesboro, and Freeman, McReynolds, Hay & Wolfe, of Sherman, for appellant.

Webb & Webb, of Sherman, for appellee.

LOONEY, J. This is an action of debt by the appellant against appellee on a promissory note, and to foreclose a landlord's lien on certain live stock, tools, and implements. Appellant recovered judgment for his debt, but was denied foreclosure of the lien. The evidence, in our opinion, justifies the following conclusions:

On or about February 1, 1922, appellant rented a portion of a farm that he owned in justice precinct No. 6, Grayson county, Tex., to the appellee, to be cultivated during the year 1922 as follows: 60 acres in cotton, 30 acres in corn, and 30 acres in oats.

Appellant also sold to appellee 17 head of work stock, farm implements, machinery, and some stock feed. These were sold for the purpose of enabling him to make a crop on the premises, and to gather, secure, house, and put the same in condition for market, and all were necessary, except that only 6 head of the live stock were necessary for the purposes named.

The consideration for the live stock, tools, implements, and feed furnished by appellant to appellee was $2,240, evidenced by a promissory note executed by appellee, payable to appellant, and as security therefor appellee executed a mortgage on a hotel in the town of Tioga, Grayson county, Tex., and also a chattel mortgage on the live stock, tools, and implements. Thereafter appellee traded the Tioga hotel property for an equity in a house and lot in Fort Worth, Tex., and in turn sold his equity in the Fort Worth place to appellant, and the agreed consideration therefor was credited on the $2,240 note. The parties agreed that the note was worth $290 more than the Fort Worth place, and the note in suit was executed for that amount, which represented the unpaid portion of the larger note, and thereupon appellant released the mortgages on the Tioga hotel property, the live stock, tools, and implements. There is nothing in the record before us indicating that it was the intention of appellant by these transactions to release or waive the statutory landlord's lien on the property furnished by him to appellee, and necessary for the purpose of making a crop, and gathering, securing, and putting same in condition for market.

There is but one question presented by appellant for our consideration; that is, the alleged error of the trial court in refusing to instruct the jury to return a verdict in his favor for the amount of the principal, interest, and attorney's fees specified in the note, and for foreclosure of the landlord's lien upon the property described in the constable's return on the distress warrant, which consisted of 5 head of livestock, some farming implements and tools, and 60 acres of cotton.

[1] In our opinion, the judgment below will have to be reversed. While it is true only 6 of the 17 head of live stock sold by appellant to appellee were necessary to enable him to make, harvest, secure, and market the crop, and therefore the statutory lien attached to only 6 head, yet appellant had the right to select, from the 17 head sold, the 5 head levied on, and to have his lien foreclosed thereon, as well as on the tools, implements, and crop.

The doctrine is generally recognized in this state that a chattel mortgage, containing a description of property that constitutes a part of a larger number of like kind, is good as between the parties, and in such event the mortgagee had the implied right of selecting the number mortgaged from the larger number, and to have foreclosure of his lien thereon. Certainly the statutory lien given landlords will not be subjected to a more rigid interpretation than that given by the courts

to contract liens. Oxsheer v. Watt, 91 Tex. 124, 41 S. W. 466, 66 Am. St. Rep. 863; Avery v. Popper (Tex. Civ. App.) 45 S. W. 954; Avery v. Popper, 92 Tex. 337, 48 S. W. 572, 49 S. W. 219, 50 S. W. 122, 71 Am. St. Rep. 849; 11 C. J. § 83, p. 463.

[2] The taking of the mortgages on the live stock, tools, machinery, and hotel property in Tioga as additional security did not, of itself constitute a waiver of appellant's statutory lien. Thomas v. Grote-Rankin Co., 75 Wash. 280, 134 P. 919; Ladner y. Balsley, 103 Iowa, 674, 72 N. W. 789; 36 C. J. § 1535 (b), p. 522. Neither did the acceptance of the Forth Worth property, as partial payment of the larger note and the release of the written mortgages, have the effect, standing alone, to release or waive appellant's statutory lien.

[3] As this case will be remanded to the trial court for further proceedings, we deem it proper to say that on another trial it should be made clearly to appear that the property levied on was the same or a part of the property sold and furnished by appellant to appellee with which to make the crop, and that the same was necessary for such purpose, and, also, that the cotton levied on was part of the crop raised by appellee on appellant's premises during the year 1922.

We wish to state, further, owing to the fact that probably the case was not fully developed on the former trial, that nothing herein stated will preclude either party from urging such issues and introducing such material and pertinent evidence as they may deem necessary in support of their respective contentions.

Reversed and remanded.