FLAGG v. MATTHEWS et al. (No. 397.)

(Court of Civil Appeals of Texas. Waco.
Oct. 7, 1926.)

1. **Justices of the peace** ⊜➝44(1).

Jurisdiction of justice court, under Vernon's Sayles' Ann. Civ. St. 1914, art. 2291, is not determined by amount of judgment rendered, but by amount in controversy.

2. **Justices of the peace** ⊜➝44(2)—Justice court held to have jurisdiction over action based on claims for $195.45 and $150, where latter was part of claim for $195.45, to be credited against judgment therefor (Vernon's Sayles' Ann. Civ. St. 1914, art. 2291).

Where claim of $150 for cotton converted was a part of amount claimed against codefendant on note for $195.45, secured by mortgage on cotton, and was directed by court to be credited against judgment on note, amount in controversy was under $200, and justice court had jurisdiction under Vernon's Sayles' Ann. Civ. St. 1914, art. 2291.

3. **Chattel mortgages** ⊜➝177(5).

Directed verdict against third person, sued for conversion of mortgaged cotton, *held* erroneous, in absence of proof of conversion.

4. **Justices of the peace** ⊜➝119(1)—Judgment purporting to cancel mortgage, based only on allegations that mortgagee's claim was inferior to other claims, held void.

Former judgment of justice court, purporting to cancel mortgage sought to be foreclosed by plaintiff, if based only on allegations that plaintiff claimed to have mortgage lien which was inferior to other claims, *held* void.

5. **Pleading** ⊜➝8(2).

Allegation that issues in previous suit are same as in present action is a conclusion of pleader, where pleadings are not set out.

6. **Judgment** ⊜➝18(1).

It is just as essential that judgment be supported by pleading as that it be supported by evidence.

7. **Judgment** ⊜➝17(8)—Judgment canceling mortgage as requested in cross-bill against codefendant interpleaded cannot be rendered unless proper service of cross-bill is had on codefendant.

If cross-bill to cancel mortgage was filed by defendants against codefendant interpleaded in action, judgment canceling mortgage could not be rendered unless proper service of cross-bill was had on codefendant.

Appeal from Henderson County Court; Grover H. Curlee, Judge.

Suit by Thos. M. Matthews against H. L. Flagg and others. Judgment for plaintiff, and defendant H. L. Flagg appeals. Affirmed in part, and in part reversed and remanded for new trial.

Miller & Miller, of Athens, for appellant.

Justice & Sigler, of Athens, for appellees.

STANFORD, J. This suit was originally filed by appellee Matthews in the justice court, precinct No. 8, Henderson county, to recover of B. L. Browning on a note for $150 and an account for $20, and to foreclose a mortgage on one-half the cotton grown by J. L. Williams, a tenant of B. L. Browning, on 30 acres during the year 1924, said mortgage having been given by B. L. Browning to Matthews to secure said indebtedness. Judgment was also sought against appellant Flagg on the ground that he had converted said mortgaged cotton. Said cause was duly tried in the justice court and appealed to the county court, where it was again tried, resulting in a judgment for appellee Matthews against Browning for his debt in the sum of $195.45, and establishing the mortgage lien on said cotton to secure said indebtedness. The court also rendered judgment against appellant H. L. Flagg and B. L. Browning, jointly and severally, for $150, the value of the mortgaged cotton found to have been converted by said Flagg, and directed that whatever sum is collected on the judgment for $150 be credited on the judgment for $195.45 against B. L. Browning. Other facts will be stated in our disposition of appellant's assignments.

[1, 2] Under his first assignment, appellant contends that the court erred in holding that it had jurisdiction, for the reason that the judgment rendered in the justice court was for more than $200. The jurisdiction of the justice court is not determined by the amount of the judgment rendered in said court, but by the amount in controversy. Article 2291, Vernon's Sayles' Statutes. The amount in controversy as between Thomas M. Matthews, plaintiff below, and B. L. Browning, defendant below, was the amount of the note and account sued upon, which, with interest and attorney's fees, amounted to only $195.45. The amount in controversy as between Matthews, plaintiff below, and H. L. Flagg, defendant below, was the value of the cotton alleged to have been converted, to wit, $150, but this latter amount was not an additional, independent amount claimed by the plaintiff, but was in fact a part of the same amount claimed against B. L. Browning, and was directed by the court when paid to be credited on the judgment for $195.45 against Browning. This assignment is overruled.

[3] Under his second assignment appellant contends the court erred in directing the jury to return a verdict for plaintiff as against appellant H. L. Flagg, because there was no evidence to authorize such instruction. The court was correct in directing a verdict for the amount sued for against the defendant B. L. Browning; but in order to show any liability against appellant Flagg, it was necessary to show that he had converted the cotton covered by the mortgage given by Browning to secure his indebtedness to appellee

⊜➝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Matthews, and there is no evidence in the record tending to show that appellant Flagg converted said cotton or had anything to do with said cotton. This judgment for conversion is further fundamentally erroneous in that it is rendered against B. L. Browning as well as H. L. Flagg, when there is no basis in either the pleading or evidence for such judgment against Browning. We sustain this assignment, which will require a reversal as to appellant Flagg.

[4] In view of another trial, we will say that by several other assignments appellant contends, in various ways, that in another suit, in which the parties, subject-matter, and issues were the same as in this suit, that the mortgage involved in this suit given by B. L. Browning to Thomas M. Matthews was canceled before this case was tried in the county court, and therefore H. L. Flagg could not be held liable for converting said mortgaged cotton. The record discloses that B. L. Browning brought suit in the justice court, precinct No. 8 of Henderson county, against J. L. Williams, H. L. Flagg, and A. S. Pennington, and that one or more of said defendants interpleaded Thomas M. Matthews. This suit was No. 100. The suit now before this court was afterwards filed in the same justice court by Thomas M. Matthews against B. L. Browning and H. L. Flagg for the purpose as above stated, being numbered on said justice's docket 102, which was tried in the justice court on February 28, 1925, and appeal taken to the county court; and on March 28, 1925, while cause No. 102, the one now before this court, was pending in the county court, but before it was tried in said court, the other case, No. 100, was tried in said justice court in the absence of the plaintiff B. L. Browning and Thomas M. Matthews, who had been interpleaded, and judgment rendered canceling the mortgage involved in the case before this court.

[5] But this record fails to show what the pleading of the several parties in cause No. 100 in the justice court were. It is true appellant alleged in this case in the county court that the issues in cause No. 100 were the same as in cause No. 102, but this was only a conclusion of the pleader. The pleading in said cause of the respective parties should have been set out, so the trial court and this court could determine what the issues were in said cause. Moreover, if the issues were the same in cause No. 100 as in cause No. 102, then there was no pleading that could support a judgment canceling the mortgage, for no such relief was sought in cause No. 102. The question involved here is not one of res adjudicata, but the question is whether or not the part of the judgment in cause No. 100 in the justice court purporting to cancel the mortgage in question is a valid adjudication. If there was not proper pleading as a basis for such adjudication, then it necessarily follows said part of said decree was void and of no effect.

[6] It is just as essential that a judgment be supported by pleading as that it be supported by evidence. As shown by appellant's bill of exception No. 5, the pleading of Williams and Flagg making Matthews a party to suit No. 100 in the justice court was as follows:

"The defendants Williams and Flagg show to the court that the said Thomas M. Matthews is setting up a claim to the property involved in this suit; that he claims to have a mortgage lien on said property and is seeking a judgment against these defendants for the value of two bales of lint cotton or more, which amounts to $175; that the said Thomas M. Matthews' pretended claim is subject to and inferior to the claim of the defendant Williams, who has offsets against the claim of the plaintiff Browning, and the court is respectfully requested to bring in the said Thomas M. Matthews in this suit and determine whether or not the claim of the said Williams and the claim of the said Flagg is superior to the claim of the said Matthews."

[7] In the judgment rendered in cause No. 100 in the justice court, as shown by bill of exception No. 1, the court decrees that B. L. Browning take nothing against Williams and Flagg, that Williams take nothing against Browning on his cross-bill, and that all other parties go hence without day, etc., but does purport to cancel Matthews' mortgage and adjudged all costs against Browning. If the above was all the pleading with reference to Matthews and his chattel mortgage, then the judgment purporting to cancel said mortgage was void, for there was no basis in the pleading for such relief. If some of the defendants in cause No. 100 filed a cross-bill against his codefendant Matthews, properly pleading facts that would authorize the cancellation of said mortgage, still a valid judgment granting such relief could not be rendered unless proper service of said cross-bill was had upon Matthews. If the cause of action, the parties, and issues in cause No. 100 were the same as in cause No. 102, as contended by appellant, as the court had tried cause No. 102, and it had been appealed and was pending in the county court, the writer is of the opinion, although we do not find it necessary to so decide, that said cause of action had passed beyond the jurisdiction of said justice court and he had no authority to again try the same cause of action under a different docket number. We cannot say that the trial court was in error in respect to any of the matters of which complaint is made in these assignments, and said assignments are overruled.

The judgment as between Thomas M. Matthews and B. L. Browning for $195.45 is in all things affirmed, but by reason of the errors above pointed out, the judgment as between Thomas M. Matthews and H. L. Flagg and B. L. Browning for $150 is reversed and

said cause as to this branch of the case, to wit, the conversion, is remanded for another trial as between Matthews and Flagg.

Costs of appeal are assessed against appellee Thomas M. Matthews.