## CARRUTH, AVERITT & CARRUTH v. NEUTZLER. (No. 436.)*

(Court of Civil Appeals of Texas. Waco. Dec. 2, 1926. Rehearing Denied Jan. 6, 1927.)

1. Brokers ⬤⇒60 — Broker, obtaining valid written contract to purchase land, is entitled to commissions, though not consummated.

Real estate broker selling land listed with him, and obtaining valid written contract, binding purchaser to take it, is entitled to commissions, whether trade is consummated or not.

2. Brokers ⬤⇒106—Brokers obtaining contract, binding client to exchange land with one agreeing to pay all commissions, have no cause of action against client for failure to perform.

Real estate brokers obtaining valid, binding contract, requiring their client to exchange land with one who was to pay all commissions, have no cause of action against client because of his failure to perform contract.

3. Brokers ⬤⇒106—Broker has no interest in land contract entitling him to sue purchaser, refusing to perform, for commissions.

Real estate agent has no such interest in binding contract between others for sale or exchange of land as will authorize him to sue purchaser, refusing to perform contract, for commissions.

Appeal from District Court, Coryell County; Joe H. Eidson, Judge.

Action by Carruth, Averitt & Carruth against A. J. Neutzler. From a judgment of dismissal, plaintiffs appeal. Affirmed.

S. R. Carruth, of Meridian, and McClellan & Cross, of Gatesville, for appellants.

S. J. Mings and Brown & Brown, all of Gatesville, for appellee.

BARCUS, J. This suit was instituted by appellants against appellee seeking to recover $2,160 for brokerage commission in a land deal. The trial court sustained some special exceptions to appellants' pleadings, and, upon their declining to amend, the cause was dismissed.

Appellants alleged that they were real estate brokers and as such appellee listed with them for sale or trade 248 acres of land in Coryell county, and that one R. P. Burks listed with them for sale or trade two sections of land in Castro county. Appellants alleged that each of said owners knew that they were representing the other in the sale and exchange of said lands, and that as agents for each of said owners of land they brought the parties together in a trade; that each of the parties at the time they listed their respective tracts of land for sale agreed to pay appellants 2½ per cent. commission on trading values and 5 per cent. on all cash paid or notes given or assumed; that they did bring the defendant and said Burks together and finally got them to agree on the terms of a trade, whereby appellee was to assume $23,704.10 on the land in Castro county and to put his land in at a valuation of $20,000. Appellants alleged that, at the time and before appellee and said Burks entered into said contract and agreement of exchange, it was agreed and understood by all parties that in the event the trade was consummated Burks was to pay the entire commission, which totaled $2,160; that it was only under that condition that appellee would sign the contract or make the exchange; and that with said understanding and agreement the said Burks and appellee entered into a "valid and binding contract in writing," whereby the said Burks was to convey his land in Castro county to appellee and appellee was to convey his property in Coryell county to said Burks. Appellants further alleged that the said Burks fully and in every respect offered to perform his part of the

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted February 16, 1927.

contract, but that appellee failed and refused to comply with his part of said binding written contract, and that by reason thereof appellants lost the commission which they would have obtained from the said Burks if the deal had been consummated.

[1, 2] The material question to be determined is, Did appellants state a cause of action? Appellants contend that, by reason of the failure of appellee to comply with said contract, he thereby became liable to them for the full amount thereof. It seems to be the well-settled rule of law in Texas that, where a real estate broker sells land that has been listed with him and obtains a valid written contract, binding the purchaser to take same, he is entitled to his commissions, whether the trade is consummated or not. He having obtained an enforceable contract, it then becomes the duty of the owner of the property to enforce same; and, if the owner does not see fit to do so, it does not relieve him of paying the commission. Moss & Raley v. Wren, 102 Tex. 568, 113 S. W. 739, 120 S. W. 847; Hamburger & Dreyling v. Thomas, 103 Tex. 280, 126 S. W. 561; Wolfman & Katz v. Callahan (Tex. Civ. App.) 204 S. W. 777. Appellants, under their pleadings having obtained a valid, binding contract, under the terms of which appellee was required to exchange his land with Burks, who was to pay all the commissions due by both parties to appellants, they have no cause of action against appellee by reason of his failure to perform the contract. There are no allegations contained in appellants' petition which show in any way that appellee agreed either verbally or in writing to pay any part of said commission. On the other hand, the petition alleges specifically that appellee signed the contract agreeing to exchange his land with Burks, with the understanding and agreement that he would not be liable for any commission.

[3] Our holding on the above proposition would prevent appellants' recovering against appellee. We think there is another rule of law that would defeat appellants' claim. The weight of authority seems to be that a real estate agent has no such interest in a contract of sale or exchange of land between the respective owners which will authorize him to maintain a suit for his commissions against the purchaser who refuses to carry out a binding contract to purchase. Tinsley v. Dowell, 87 Tex. 23, 26 S. W. 946; Hardie v. Dan Sonnentheil Co. (Tex. Civ. App.) 192 S. W. 1161; Baker v. Greer (Tex. Civ. App.) 208 S. W. 755; Armstrong v. Palmer (Tex. Civ. App.) 218 S. W. 627; Le Master v. Dalhart Real Estate Agency, 56 Tex. Civ. App. 302, 121 S. W. 185; Tinsley v. Anderson (Tex. Civ. App.) 33 S. W. 266. If appellants were permitted under the law to prosecute this suit and collect the commissions from appellee, and thereafter Burks should institute a suit against appellee for specific performance of the contract, appellee could not plead as a counterclaim to any portion of Burks' claim the amount which he had paid as commissions to appellants. Neither could Burks in a suit against him by appellants plead as a defense a payment thereof by appellee. Appellants cannot have two independent and separate causes of action for a commission growing out of the contract which they alleged had been executed by appellee and Burks, and, since they alleged a state of facts which give them an unequivocal and absolute claim against Burks, they cannot maintain a separate and independent suit against appellee for the debt due them by Burks. If appellee did make a valid and binding contract with Burks which he refused to carry out, Burks, and not appellants, has a cause of action against appellee for the damages occasioned thereby.

We have carefully examined all of appellants' assignments of error and same are overruled.

The judgment of the trial court is affirmed.