### SMITH et al. v. MILLER. (No. 7163.)

Court of Civil Appeals of Texas. Austin. Dec. 14, 1927.

**1. Landlord and tenant ⬤⟳254(2)—Landlord does not waive lien on tenant's crop by taking mortgage.**

Landlord does not necessarily waive lien on crops of tenant by taking mortgage, in absence of intent to do so, and it is incumbent upon tenant to show such intent, since mere taking of additional security does not waive such lien.

**2. Landlord and tenant ⬤⟳251(4)—Landlord may under statute subject crops sold by tenant without consent to his superior lien or sue for conversion (Vernon's Ann. Civ. St. 1925, art. 5223 et seq. and art. 5606).**

Where crops are removed from premises and sold by tenant without consent of landlord, landlord, may, if he acts seasonably under the statute (Vernon's Ann. Civ. St. 1925, art. 5223 et seq. and article 5606), have either of two remedies; he may ignore the sale, pursue prop-

erty itself and subject it to his superior lien, or may abandon his right to foreclose and sue the purchaser thereof for damages for conversion.

**3. Landlord and tenant ☞254(2)—Landlord's lien on cotton sold by tenant with consent of landlord, who accepted rent out of proceeds, held waived.**

Where cotton was removed from premises and sold by tenant with full knowledge and consent of landlord and had been, when suit was filed, shipped out of county, and landlord accepted rent from proceeds of sale of cotton, landlord thereby waived his lien.

**4. Landlord and tenant ☞246(6)—Landlord's lien does not extend to proceeds of sale of crops.**

Landlord's lien upon crops of tenant does not extend to proceeds derived from sale of crops.

**5. Landlord and tenant ☞254(2)—Where landlord waived lien on cotton, bank was not guilty of conversion in applying proceeds on tenant's note.**

Where landlord waived his lien upon cotton of tenant which was sold and proceeds paid to bank, *held* that bank was not guilty of conversion in applying proceeds on tenant's note to it under its mortgage.

**6. Judgment ☞252(1)—Judgment awarding relief not sought in pleadings is unauthorized.**

Judgment awarding relief to plaintiff not asked for in his pleadings was not authorized, though evidence may have shown him to be entitled thereto.

Appeal from McCulloch County Court; W. N. Ellis, Judge.

Action by Henry Miller against L. W. Smith and the Farmers' & Merchants' State Bank of Brady. From a judgment for plaintiff, defendants appeal. Judgment as against bank reversed and rendered, and as against defendant Smith reversed and remanded.

S. W. Hughes and Evans J. Adkins, both of Brady, for appellants.

J. E. Shropshire, of Brady, for appellee.

BAUGH, J. Henry Miller, as landlord, sued his tenant, L. W. Smith, in the county court of McCulloch county, upon a note for $650, given by Smith to Miller in payment for tools and teams furnished him by Miller to make a crop, and on an open account for $74.70 for necessaries and supplies alleged to have been furnished by him to Smith for the same purpose, during 1926. The note was secured by a mortgage on the teams and tools so purchased. Miller sought judgment against Smith for his debts, foreclosure of his mortgage and landlord's lien, and against the Farmers' & Merchants' State Bank of Brady, made a party defendant, charging it with conversion of certain cotton raised on his premises, on which said bank had a mortgage, alleging that such mortgage was in-

ferior to his landlord's lien. In view of our subsequent discussion of the issues raised, we set out here the plaintiff's (appellee here) prayer for relief:

"Premises considered, plaintiff prays for citation, in terms of the law, to each of the defendants herein. That upon final hearing hereon that the plaintiff have judgment establishing and foreclosing his mortgage liens and his superior landlord's lien against the aforesaid teams and tools and against said cotton crops grown on said premises during the year 1926. He further prays that his lien against the said cotton, so converted by the defendant Farmers' & Merchants' State Bank be established and held superior to any claim of the said bank against said cotton, and that said bank be compelled, by the judgment of this court, to pay plaintiff therefor. That after said cotton be thus applied, then the plaintiff have judgment foreclosing his liens upon the aforesaid teams and farming implements, for any balance that may be still due plaintiff, after recovering what is due from the said Farmers' & Merchants' State Bank for conversion of said cotton. That said teams and farming implements be condemned and sold, according to law for said purposes. Plaintiff further prays for all costs of this court and for general and full relief in both law and equity."

The case was submitted to a jury upon special issues, and upon their answers thereto and his own findings the court rendered judgment for Miller against Smith for $755, which included said note, $2.50 for feed furnished by Miller, and allowed certain offsets due Smith by Miller; against the bank for $400 for conversion; decreed a foreclosure of the mortgage lien on said property, and a foreclosure of a landlord's lien on certain specific corn, maize and hay described in said judgment. From this judgment, Smith and the bank have prosecuted a joint appeal.

Though appellants' brief could scarcely be taken as a model, it sufficiently presents three general contentions as follows: (1) That Miller had waived his landlord's lien; (2) that the judgment against the bank was not supported by the evidence; and (3) that the judgment rendered does not conform to the pleadings, the proof, nor the verdict of the jury.

[1, 2] Miller did not necessarily waive his landlord's lien by taking a mortgage, in the absence of an intent to do so, and it was incumbent upon the tenant to show such intent. This he failed to do. The mere taking of additional security is not a waiver of such lien. Daugherty v. White (Tex. Civ. App.) 257 S. W. 976; Griffin v. Mangum (Tex. Civ. App.) 267 S. W. 279. But under the undisputed evidence Miller did waive his landlord's lien on the cotton, the only crop on which he asserted such lien in his pleadings. The general rule is that when crops are removed from the premises and sold by the tenant without the consent of the landlord, he

may, if he act seasonably under the statute (Vernon's Ann. Civ. St. 1925, arts. 5223 et seq. and article 5606), have either of two remedies: (a) He may ignore the sale, pursue the property itself and subject it to his superior lien; or (b) he may abandon his right to foreclose and sue the purchaser thereof for damages for conversion.

[3-5] In the instant case, however, the cotton was removed from the premises and sold by the tenant with the full knowledge and consent of the landlord and had been, when suit was filed, shipped out of the county. Miller authorized in advance and acquiesced in such removal and sale by his tenant, and accepted his rent from the proceeds thereof. Such conduct on his part has been held by this court to constitute a waiver of his lien. Gilliam v. Smither (Tex. Civ. App.) 33 S. W. 984; Woodson v. Westbrook (Tex. Civ. App.) 272 S. W. 821. There is no contention that the bank purchased the cotton or that it took possession of it and sold it as its own. After Smith sold it he took out some for picking, paid Miller his rent, and turned the remaining proceeds over to the bank to be applied on his note to it. The landlord's lien did not extend to the proceeds after the sale of the property. Farmers' Elevator Co. v. Thresher Co. (Tex. Civ. App.) 189 S. W. 1018; Estes v. McKinney (Tex. Civ. App.) 43 S. W. 556. Having waived his landlord's lien on the cotton; the bank was not guilty of conversion in applying said proceeds on Smith's note to it, under its mortgage. Miller made no effort to seize or pursue the cotton itself.

This brings us to the third question raised; that is, that the judgment is not supported by either the pleadings, the finding of the jury, or the evidence.

There was submitted to the jury over appellants' objection the question of whether Smith owed Miller anything for "roughness or maize" appropriated by Smith during 1926, to which the jury answered that Smith owed $2.50. Though only a small item, we find no pleadings to sustain it. Miller sued expressly upon two items only, the note in question and an open account for $74.70 due by Smith for advances. The undisputed testimony of both was that this account had been paid in full. Nowhere do we find any allegations as to any feed being appropriated.

[6] The judgment also awards a foreclosure of a landlord's lien on certain corn, maize, and hay which Smith left on the premises for Miller when he moved away, but we find no allegations in plaintiff's petition relative to such feed stuff, and in the prayer for relief, hereinabove set out, Miller sought foreclosure only as to the teams and tools described in his mortgage. He did assert his lien on the cotton, but as to that his action against the bank was for conversion and no foreclosure of that lien could have been had. The court was not authorized to grant him relief for which he had not asked in his pleadings, though the evidence may have shown him entitled to it. W. U. Tel. Co. v. Stracner (Tex. Civ. App.) 152 S. W. 845; Hill v. Alexander (Tex. Civ. App.) 195 S. W. 957; Phelps v. Connellee (Tex. Com. App.) 285 S. W. 1047; Schaff v. Perdue (Tex. Civ. App.) 254 S. W. 151. As stated in Flagg v. Matthews (Tex. Civ. App.) 287 S. W. 299: "It is just as essential that judgment be supported by pleading as that it be supported by evidence."

Miller was necessarily confined to a recovery on his note against Smith, who was entitled under the jury's findings to an offset thereon of at least $30. Smith had turned back to Miller at Miller's request the teams and harness purchased, and had left in Miller's possession the tools which he had purchased. Miller testified that some of the singletrees and a doubletree were missing; but just how many does not appear. Smith testified that he turned back to Miller all that he purchased, and in addition left on his premises, stored in houses, the corn, maize and hay above mentioned, alleged by him to have been worth $233.75. Smith also pleaded that all of said property was turned over to Miller in full satisfaction of his indebtedness, and that same was of greater value than his debt to Miller. The issue as submitted to the jury was, "Did the defendant Smith turn over to plaintiff Miller the property described in the mortgage from Smith to Miller on May 1, 1926?" to which the jury answered, "Yes;" and further answered that said property was worth $816.75, which was in excess of Miller's debt. But we find no evidence to sustain such value of the mortgaged property at the time it was returned to Miller. Manifestly the jury valued all property turned over to Miller by Smith at $816.75, including the maize, corn, and hay, which was not covered by the mortgage. Nor does the question, as presented, embody the defense, denied by Miller, that said property was turned back to Miller in full satisfaction of the note. The jury may have so understood such question in the light of Smith's defensive pleadings, but as presented we do not think it is sufficiently clear on such issue to sustain a judgment.

For the reasons stated, the judgment of the trial court against the bank is reversed, and judgment here rendered in its favor. As against the appellant Smith the judgment is reversed and the cause remanded for another trial.

Reversed and rendered in part, and in part reversed and remanded.