## GAUSE v. RODEN et al.
### No. 4117.

Court of Civil Appeals of Texas. Amarillo. Dec. 13, 1933.

J. Shirley Cook, of Vernon, for appellant.
R. D. Oswalt, of Crowell, for appellees.

JACKSON, Justice.

This suit, No. 394, was instituted in the county court of Foard county on November 23, 1932, by George L. Gause, appellant, against Jack Roden and Lonnie Roden, husband and wife, to vacate a judgment in cause No. 374 theretofore obtained in said court by appellees against the appellant and A. W. Phillips.

Appellant pleads that in cause No. 374, in due time he and A. W. Phillips filed separate pleas of privilege to be sued in the counties of their residences; that the controverting affidavits filed by appellees to such pleas did not allege any exception to the exclusive venue statute which would authorize the maintenance of the suit in Foard county, and

the court was without jurisdiction to render judgment in cause No. 374 on the merits; that the judgment was rendered on a defective account, and, although verified, did not authorize or support the default judgment; alleges the reason for his absence at the time such default judgment was rendered, and sets up a meritorious defense to the claim of appellees in suit No. 374.

In this suit, 394, the appellees answered by a plea of res judicata and general denial.

The court, without the intervention of a jury, rendered judgment that appellant take nothing and appellees recover their costs, from which action of the court this appeal is prosecuted.

The record discloses that on August 5, 1931, Jack Roden and Lonnie Roden, as plaintiffs, instituted suit No. 374 in the county court of Foard county against George L. Gause and A. W. Phillips as defendants, and recovered the sum of $495.49; that in said suit plaintiffs alleged George L. Gause was a resident of Tarrant county and A. W. Phillips was a resident of Smith county; that plaintiffs sold the defendants at their instance and request certain goods, "eats," and merchandise as specified in the verified account attached to their petition.

In due time each of the defendants filed his plea of privilege in proper form, and plaintiffs filed controverting affidavits, the court ordered a hearing, the defendants were each given notice and served with a copy of the affidavit controverting his plea, the hearing on the plea was set for November 4, 1931; passed until November 14th thereafter, and, the defendants having failed to appear "and it appearing to the Court that the cause of action is liquidated and based upon an open account, duly verified by plaintiffs," rendered a default judgment against appellant and A. W. Phillips for said sum of $495.49. In the controverting affidavits in cause 374 the appellees alleged that A. W. Phillips, for himself and as agent of appellant, agreed to pay the account at Margaret, in Foard county, but did not allege that such agreement was in writing.

For the purpose of disposing of this appeal, it is not necessary to so hold, but we are inclined to the opinion that the allegation of the agreement to pay at Margaret, in Foard county, was sufficient to admit the introduction of testimony to show whether the agreement alleged was or was not in writing.

■ The statute of frauds (Vernon's Ann. Civ. St. art. 3995) requires certain contracts to be in writing, yet the courts hold that: "Nothing is better settled as a rule of pleading than that in declaring upon a contract required by the statute of frauds to be in writing, it is not essential to the validity of the pleading that it should aver that such contract was in writing, unless it affirmatively appears from the pleading that the contract was in parol." King v. Murray (Tex. Civ. App.) 135 S. W. 255, 257, and authorities cited. Neither from the petition nor the controverting affidavit does it affirmatively appear that the agreement to pay in Foard county was in parol.

■ The venue statute (Vernon's Ann. Civ. St. art. 1995, subd. 5) provides that, if a person has contracted in writing to perform an obligation in a particular county, an exception to the exclusive venue statute arises. If, in declaring upon a contract required to be in writing by the statute of frauds, it is not necessary to the validity of the pleading to allege that such contract was in writing, we see no reason for holding the necessity for alleging in a controverting affidavit that the party sought to be bound agreed in writing to pay in a particular county.

If appellant had appeared at the hearing on the pleas of privilege in 374 and made a valid objection to the sufficiency of the controverting affidavits, the appellees could have amended such affidavits. Hoffer Oil Corporation v. Brian et al. (Tex. Civ. App.) 38 S.W. (2d) 596.

■■ The record fails to show that any judgment was entered in the minutes of the court disposing of the pleas of privilege. The judge made a notation on his docket to the effect that the pleas were overruled, but such notation cannot be taken as a judgment of the trial court, and it has been held that the court is without power to dispose of a case on its merits where a proper plea of privilege has been filed, without first disposing of such plea. Smith v. Watson (Tex. Civ. App.) 44 S. W.(2d) 815; Brinkley v. State (Tex. Civ. App.) 49 S.W.(2d) 516; Gilmore v. Ladell (Tex. Civ. App.) 34 S.W.(2d) 919.

■ The default judgment on the merits in cause No. 374 shows to have been rendered on a verified account attached to the petition. The account so attached failed to disclose the articles alleged to have been sold, and was insufficient under the statute to support the default judgment. Nichols v. Murray (Tex Civ. App.) 284 S. W. 301; Schucht v. Stidham et al. (Tex. Civ. App.) 37 S.W.(2d) 214; Gehret et ux. v. Hetkes (Tex. Com. App.) 36 S.W. (2d) 700; LeMaster v. Dalhart Real Estate Agency, 56 Tex. Civ. App. 302, 121 S. W. 185.

The judgment is reversed, and the cause remanded.