## CARRUTH, AVERITT & CARRUTH v. NEUTZLER. (No. 783–4775.)

Commission of Appeals of Texas, Section B. June 4, 1927.

**1. Brokers ⟨key⟩64(1)—Broker, obtaining enforceable contract of sale for vendor, is entitled to compensation, irrespective of purchaser's nonperformance.**

Broker, who procures for the vendor a contract of sale which may be enforced specifically, is entitled·to his compensation, irrespective of the purchaser's performance or nonperformance.

**2. Brokers ⟨key⟩106—Broker, obtaining binding land contract whereby vendor agrees to .pay all commissions, has no cause of action for purchaser's ·refusal to perform.**

Broker, obtaining enforceable written contract for the exchange of lands between clients, by which one client agrees to pay all commissions, has no cause of action therefor against the other client, on his refusal to perform, since the right to the commissions is unaffected by the refusal.

Error to Court of Civil Appeals of Tenth Supreme Judicial District.

Action by Carruth, Averitt & Carruth against A. J. Neutzler. The Court of Civil Appeals affirmed a judgment of dismissal (289 S. W. 439), and the plaintiffs bring error. Judgment of the Court of Civil Appeals affirmed.

McClellan & Cross, of Gatesville, for plaintiffs in error.

Brown & Brown and S. J. Mings, all of Gatesville, for defendant in error.

SPEER, J. This suit was instituted by plaintiffs in error, real estate brokers, to recover a commission of $2,160 for brokerage in a land exchange between R. P. Burks and A. J. Neutzler, the suit being against Neutzler alone. The trial court sustained exceptions amounting in law to a general demurrer, and, the plaintiffs refusing to amend, the cause was dismissed. Upon appeal the Court of Civil Appeals affirmed the judgment of the trial court (289 S. W. 439), and by writ of error granted the cause is before us for further consideration.

The pleading under consideration shows that plaintiffs were real estate brokers, and that the defendant in error and one R. P. Burks both had their lands listed with them as such, and that as such agents they brought the parties together and caused them to enter into a written contract to exchange their lands; that the defendant signed the contract under an agreement that Burks would pay all the commissions due by both parties; that the defendant, notwithstanding his agreement and contract to carry out the trade if Burks would pay all commissions, refused to be bound thereby, and breached the agreement, whereby plaintiffs were damaged in the sum of $2,160, being the commissions they would have earned from Burks, had the defendant not breached his contract.

Whether or not the petition discloses a cause of action depends upon the following allegations, to wit:

"That thereafter the plaintiffs caused the defendant and the said Burks to come to an agreement and understanding as to the sale and exchange of their said lands; that by the terms of said exchange and sale the defendant was to convey to the said Burks his 248 acres of land in Coryell county at a valuation of $20,000, and was to assume sums aggregating $23,704.10 that were then owing by said Burks on the Castro county land; that after the usual talk and propositions pro and con, by and between the defendant and said Burks, a valid and binding contract in writing was entered into by and between the defendant and the said Burks with reference to sale and exchange of their said property, said contract containing the usual clauses with reference to furnishing abstracts of title, etc. * * * It is further shown that the defendant, without cause or justification, refused to comply with the terms and conditions of said contract as aforesaid, although the said Burks in all respects complied with the terms imposed upon him by the contract in the manner and time provided therein, and tendered to defendant full compliance with said contract according to its terms and conditions. * * * It is further alleged that by reason of the defendant's wrongful act, in breaching said contract without fault of said Burks or these plaintiffs, he became not only liable for the commissions due by him under the former agreement, but also the commission due by the said Burks to these plaintiffs. * * ·* That at the time the defendant breached said contract as aforesaid he was fully aware of the commission due by the said Burks to plaintiffs, and he knew that his wrongful breach of said contract would cause plaintiffs to lose said commissions from Burks; and the plaintiffs allege that the loss of the commissions to them by Burks as hereinabove stated was the direct and proximate result of the defendant's wrongful breach of his written contract, and for which damage he has become liable, and which damages were such as were in reasonable contemplation of the parties at the time of listing of said lands, the making of the contract of conveyance, and the breach thereof by defendant, * * * to plaintiffs' damage in the sum of $2,160."

The contention is made that the holding of the Court of Civil Appeals is in conflict with other holdings by Courts of Civil Appeals, the holdings in such cases being illustrated by Brawner v. Cumbie, 264 S. W. 497, wherein the Court of Civil Appeals for the Third District held a broker's petition to be good under the following circumstances:

"The petition alleges that, both parties listed their properties with appellant, each agreeing to pay him a specific sum or commission for his services in effecting an exchange of their property so listed; that both knew of and agreed to the arrangement with reference to the commis-

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sion; that through his efforts under these contracts of employment the exchange contract was entered into by his principals, setting forth the specific terms thereof; that appellees breached the contract and refused to perform it; and that, in consequence of such breach and refusal to perform the contract of exchange as made, appellees became indebted and bound to pay him the sum they agreed to pay, and also liable to him for the amount that he would have obtained from the purchaser, under the contract known and assented to by both parties for such double representation."

In sustaining the petition the court said:

"It is the well-settled law in Texas that, where both parties know and assent to contracts by the broker for commissions from both of them, and he is the efficient cause of the contract of trade or exchange, upon a refusal by one of the parties to perform, the broker may recover from the party so refusing to perform, not only the commission which he contracted to pay, but also that which he would otherwise have received from the opposite party. * * * The right of recovery of such claim does not rest on the promise of the employer to so compensate the agent, but upon the theory that he impliedly agrees that he will perform the main contract which the broker engages to negotiate, and will thus afford him an opportunity of securing payment from the other side, and a breach or refusal by the employer to perform the main contract renders it impossible for the broker to become entitled to payment from the other party, in consequence of which he is damaged to that extent. It is therefore a suit for damages for a breach of contract by the employer, which he necessarily knows will result in injury to the broker to the extent of the loss of the commission due him from the opposite party."

This holding seems to be supported by a number of decisions by our Courts of Civil Appeals, which the opinion cites. But it does not follow that the holding in the present case is in conflict with any of those decisions, or that it is wrong.

The case of Brawner v. Cumbie, supra, and the line of cases cited for its holding, proceed upon the theory that the defendant is held liable for the broker's commissions in a land exchange which under the contract were to have been paid by the other party, but his wrongful breach of the contract of sale or exchange has rendered it impossible for the broker to become entitled to payment from the other party, in consequence of which he is damaged to that extent; in other words, that through the wrong of the defendant the broker has been deprived of the fruits of performance on his part, and has lost the commissions he would have received had there been a compliance. The cases were not cases

of enforceable contracts, but the commissions were not collectible; they were lost to the broker. Whether or not these cases are sound we need not determine. They were cases where the conduct of the owner, held liable, actually deprived the broker of the fruits of performance on his part, whereby all commissions contemplated by all parties were lost to him. It is not so here.

[1] In Moss & Raley v. Wren, 102 Tex. 567, 113 S. W. 739, our Supreme Court, through Chief Justice Gaines, answering a certified question, held that a real estate broker, employed to make sale of another's land, who procures a purchaser who enters into a contract for the purchase with the vendor, which contract the vendor may specifically enforce, is entitled to his commissions. The court say:

"If the vendor of the land can enforce a specific performance of the contract to pay for it, then the broker has effected a sale, valid in law, and is entitled to his compensation."

This case has never been questioned, and is supported by sound reason.

[2] Now, plaintiff in error's petition discloses affirmatively that they procured to be executed by defendant in error and Burks "a valid and binding contract in writing" for the sale and exchange of their said properties. This being true, they have lost nothing by defendant in error's refusal voluntarily to comply with such contract. They have not thereby been deprived of any right to recover the commissions from Burks according to the understanding at the time the contract was executed. In short, as held in Moss & Raley v. Wren, supra, if the contract was such as that Burks could have enforced a specific performance, then the broker has executed a sale valid in law, and is entitled to his compensation from Burks, notwithstanding Neutzler's refusal voluntarily to perform. There can in no event be a recovery against Neutzler, unless his conduct has been wrongful and has resulted in a loss to plaintiffs in error. The brokers have all the right they ever had or could have had by a full performance—the right to enforce the liability of Burks. Of course, if Neutzler's refusal to perform was justifiable, he would in no event be liable.

For these reasons, we recommend that the judgment of the Court of Civil Appeals be in all respects affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.