### CHRISTNER v. MAYER.

No. 13849.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 16, 1938.

Rehearing Denied Jan. 20, 1939.

Marvin B. Simpson, Oscar Reed, and Harris Brewster, all of Fort Worth, for defendant in error.

BROWN, Justice.

This is an action in which the probate of the purported last will and testament of Mrs. Georgia Mayer, deceased, was contested by Otis Mayer. The proponent of the said will is Mrs. Margaret Christner.

The contestant having prevailed, Mrs. Christner brings the cause to this court by writ of error.

For convenience, we shall designate the parties as appellant and appellee.

The cause was tried to a jury and the verdict returned on December 11, 1937, but the judgment was not rendered by the trial court until December 20, 1937. Immediately before the signature of the trial judge, the judgment bears these words: "Entered this the 20th day of December, 1937."

There is nothing in the record to show, and no proof is attempted to be made showing that the trial court rendered judgment prior to that date.

We hold that the trial court rendered judgment in this cause on December 20, 1937.

The cause having been tried and a verdict returned into open court before December 13, 1937, appellant filed a motion on such last named date, "to set aside the verdict of the jury and grant a new trial."

This motion having been filed before judgment was rendered, it is not a "motion for a new trial", as contemplated by our statutes, but same is a motion to set aside the verdict. This was a perfectly proper motion and if entertained by the trial court and acted upon favorably for the movant, would have resulted in no judgment being rendered, and the verdict would have been set aside, and a new trial would have followed as a matter of right and of law.

But this motion was not presented and was not acted upon.

Subsequent to rendition of judgment, and on January 11, 1938—which was 22 days after such rendition—appellant filed what she terms "her first amended motion for new trial". This motion recites that it is filed "with leave of court first had and within thirty (30) days after the rendition of the judgment herein".

Cantey, Hanger, McMahon, McKnight & Johnson, Carlisle Cravens, and W. S. Margowski, all of Fort Worth, for plaintiff in error.

By order dated March 8, 1938, and signed by the trial court, we find that the following language is used: "Defendant's amended motion for new trial having been filed with permission of the court on January 11th, 1938, and such motion on such date having been presented to the court, the court took same under advisement", and the order further recites that such motion was on said March 8, 1938, overruled, exception taken and notice of appeal given.

No appeal was attempted to be perfected, but the cause was brought up by petition for a writ of error, filed April 4, 1938; less than six months after rendition of judgment.

We are presented with a motion to strike appellant's assignments of error on the theory that the original motion filed by appellant was prematurely filed and cannot form the basis for an appeal, and that the amended motion was not filed within 20 days after the original motion was filed, and under the mandatory provisions of the Practice Act (Art. 2092, R.C.S., Vernon's Ann.Civ.St. art. 2092) such last mentioned motion is a nullity and the trial court had no power, or authority, to act upon same, and same can furnish no basis for an appeal.

We are cited to a recent decision made by us in City of Wichita Falls v. Brown, 119 S.W.2d 407, writ dismissed, but the situation there was wholly unlike that presented here. In that case, the trial court did not entertain the second motion (which was filed under circumstances very similar to those found in the case now before us, insofar as the first motion was filed before judgment was rendered and the so-called amended motion was filed after judgment was rendered), whereas in the instant suit the so-called amended motion was filed with express leave of the court within thirty days after judgment was rendered, and was presented to the court on the day it was filed.

■ The case of Dallas Storage & Warehouse Co. et al. v. Taylor, District Judge, et al., 124 Tex. 315, 77 S.W.2d 1031, opinion by Commission of Appeals, expressly adopted by the Supreme Court, holds [page 1034]: "If an original motion for new trial is filed after the expiration of 10 days from the date of the judgment and is entertained by the court and overruled within 30 days after the date of judgment, the judgment becomes final, and the term of court is as to the case at an end upon the expiration of 30 days from the date on which the motion was overruled * * *. If a motion for new trial duly filed, whether the original motion or the amended motion, is not presented within 30 days after the date of its filing, it is overruled by operation of law at the expiration of such 30-day period * * *. If a motion for new trial duly filed, whether original or amended, is presented within 30 days from the date of its filing, but is not determined within 45 days from the date of its filing, it is overruled by operation of law at the expiration of such 45-day period."

■ We are constrained to believe that the language quoted must mean that if a motion for a new trial is filed with express permission of the trial court within 30 days after the date judgment is rendered, such a motion is "duly filed". That such a procedure is as much entitled to be designated as a due filing, as would the filing of such motion be, if filed within 10 days after judgment is rendered.

■ We know that the trial court owes no duty to a litigant to permit him to file a motion for a new trial after the 10-day period fixed by the statute, but that such action on the part of the trial court is discretionary; and it is made discretionary by reason of the fact that the trial court has control of its judgments for a period of 30 days after the rendition thereof, and may set aside any judgment on motion filed, or on its own motion.

■ Here we find that the motion was filed within the said 30-day period, and was presented to the trial court within such period, but the trial court did not act upon the motion until March 8, 1938. This was 56 days after the motion was filed and 56 days after it was presented to the trial court.

The order overruling the motion is a nullity because it was made at a time when the court was without power or authority to make any order thereon. The fact that the trial court recites in its order that the court "took the motion under advisement" and the fact that the court did "take the motion under advisement" does not serve to extend the time in which the trial court had the power to pass upon the motion in the absence of a compliance with the statutory provisions for postponement of a hearing and determination of the motion. Paragraph 28, Art. 2092, R.C.S.,

Vernon's Ann.Civ.St. art. 2092(28). Highland Farms Corp. v. Fidelity Trust Co. of Houston, 125 Tex. 474, 82 S.W.2d 627.

It is our opinion that the second motion filed by appellant was her first motion for a new trial, that it was filed with the express consent and leave of the trial court, within 30 days after judgment was rendered, that it was presented to the court within such 30-day period, and not having been acted upon by the trial court in due season, it was overruled by operation of law.

The appellant could not compel the trial court to act within the time prescribed by statute. She did all she could when she presented her motion in due season, and the trial court having failed to act in due season, justice would demand that such failure to act operates to cause the motion to be overruled by operation of law.

The appeal, as we said above, is not taken from the action on the motion, but a petition for writ of error was timely filed and perfected.

We do not understand that the assignments of error presented in a motion for a new trial that is overruled by operation of law cannot be adopted as assignments of error in the Court of Civil Appeals, whether the cause is appealed within 30 days after the motion for a new trial is overruled by operation of law, or the cause is brought before the Court of Civil Appeals by petition for writ of error.

It cannot be said in the instant suit that appellant has abandoned her motion for a new trial. She presented and urged it in the trial court. She only abandoned her right of appeal, and embraced the only other right the law provided for her in the matter of a review of her cause of action in the Court of Civil Appeals.

We do not construe the opinions of the Supreme Court to mean that such a motion is a nullity.

A motion for a new trial, as in this case, may not form the basis of an appeal and still be adequate as a basis for assignments of error. That is to say, no appeal could have been taken from the void order entered March 8, 1938. But it is equally evident that an appeal could have been perfected within the statutory period after such motion was overruled by operation of law. Therefore, such a motion, so overruled, must, as a matter of right, form the basis of appellant's assignments of error when the cause is carried up by means of a writ of error.

What we have said does not and cannot apply to a motion filed out of season, when under the statute it cannot be filed, nor to a motion filed without leave of the trial court and not recognized by the trial court as a motion for a new trial, although it be tendered after the 10-day period, prescribed in Art. 2092, R.C.S., and before 30 days have elapsed since judgment was rendered.

We therefore overrule the motion to strike appellant's assignments of error.

Turning to appellant's assignments of error, we find that they do not specifically refer to the paragraphs of the motion for a new trial from which they are taken, but our Supreme Court has laid down such a liberal policy in regard to briefs and assignments of error that we are constrained to consider any and all that may be reasonably considered as having been raised in the trial court and brought forward in the brief.

We know that it is definitely settled that the assignment of error in the brief may be one fairly reconstructed from one presented in the trial court.

The first, second, third and fourth assignments of error are bottomed on the fourth paragraph of the motion for a new trial and complain of the trial court's refusal to give the proponent (appellant) a peremptory instruction. Under the pleadings and evidence, issues of fact were raised and the trial court did not err in refusing to give the peremptory charge.

The fifth, sixth and seventh assignments of error attacking the judgment of the court because it is contrary to the great weight and preponderance of the evidence cannot be considered as no proper assignment of error germane to same appears in the motion for a new trial. The only paragraph on which these three assignments of error could be bottomed is the second paragraph of the motion and it is too general for consideration.

Assignments of error Nos. 8 and 9 complain of the refusal of the trial court to give appellant's specially requested issues Nos. 1 and 2, which are as follows:

"Do you find from a preponderance of the evidence that at the time Mrs. Georgia Mayer subscribed her name to the bottom of the instrument offered for probate, knew that it was the instrument that she herself had previously written?"

"Do you find from a preponderance of the evidence that at the time Mrs. Georgia Mayer signed her name to the bottom of the instrument, offered as her last will and testament, knew what such instrument was?"

The trial court in the main charge gave the following issues: No. 2: "Do you find from a preponderance of the evidence that at the time the will offered for probate was written that Mrs. Mayer had testamentary capacity?"; and No. 3: "Do you find from a preponderance of the evidence that at the time the said will was subscribed by Mrs. Mayer and witnessed that the said Mrs. Mayer had testamentary capacity?"

In connection with such issues, the trial court gave the following instructions:

"In connection with the two foregoing issues you are instructed that by the term 'testamentary capacity' is meant that she must have been capable of understanding the nature and effect of the instrument she was executing, the nature and extent of her property, the person or persons to whom she meant to devise and bequeath it, and the mode of distribution among them."

No objection whatever was made to the charge, and, of course, no attack is made on the charge in appellant's brief.

The court's charge embraced the facts that are found in the two proffered issues, and we find no error in the action of the trial court in refusing such issues.

 Strange to say, we find in the judgment rendered by the trial court a different charge from that shown in the transcript as the charge given by the court and the verdict of the jury returned thereon.

No one has raised this question but we deem it necessary to make some comment upon it.

The charge, as copied in the judgment, contains Issue No. 1, as found in the charge copied in the transcript, which required the jury to find whether or not appellee, Otis Mayer, is the natural son of and born to Mrs. Mayer. The jury found him to be such son.

But the second and third issues found in the judgment, together with the explanation given therewith, are as follows:

"No. 2: Do you find from a preponderance of the evidence that at the time the will offered for probate was written that Mrs. Mayer was of sound mind? No. 3: Do you find from a preponderance of the evidence that at the time the said will was subscribed by Mrs. Mayer and witnessed that the said Mrs. Mayer was of sound mind?

"In connection with the two foregoing issues you are instructed that for one to be of sound mind she must have been capable of understanding the nature and effect of the instrument she was executing, the nature and extent of her property, the person or persons to whom she meant to devise and bequeath it, and the mode of distribution among them."

How the error, or discrepancy, shown ever got into the transcript, or into the judgment, we are unable to guess from the record, but we wish to say that if the verdict appearing in the judgment is the correct verdict, then the issues as submitted comprehend the issues of fact presented in the two issues that were refused, and we find no error in such refusal.

 We would like to say, futhermore, that we do not believe it is essential to a judgment that the verdict be copied therein, where the verdict is such that every issue is plainly answered and no apparent conflict appears in any portion thereof, and where the verdict compels a verdict for one of the litigants.

 That there is nothing improper in copying such a verdict in the judgment, we hasten to say, but we want to go on record saying that if a verdict clearly compels a judgment for one of the litigants, and it is received by the trial court, and the trial court is satisfied with the verdict, it will support a judgment for such litigant without its being copied into the judgment.

The answers shown in the verdict as copied in the transcript and as copied in the judgment are identical as to the two issues, viz., Nos. 2 and 3. The jury returned negative answers to same.

On the verdict of the jury the trial court could do no other than render judgment denying the will to probate and finding

appellee as the natural born son and sole heir of Georgia Mayer.

The remaining assignment of error asks for a new trial because of newly discovered evidence.

All of it is merely cumulative and, if for no other reason, the trial court had the discretionary power to refuse to grant a new trial because of such asserted newly discovered evidence.

All assignments of error are overruled, and the judgment of the trial court is affirmed.