## MINCHEN v. KIMMEL et al.
### No. 11978.

Court of Civil Appeals of Texas. Galveston.
April 21, 1948.

Billy B. Goldberg and Meyer Jacobson, both of Houston, for appellant.

Pierce E. Holmes, of Houston, for appellees.

CODY, Justice.

On July 10, 1946, J. H. Walston was the owner of Lot 6, Block 6, University Oaks Addition to the City of Houston, Texas. On that day he gave a written contract, known as a 90 day exclusive listing of his property for sale, to Mrs. Kimmel, a real estate broker to sell said property for $12,500.00, promising her a commission of five per cent thereof, or $625.00. During that period, Mrs. Kimmel procured a purchaser who was ready, able and willing to purchase said property at the specified price, but J. H. Walston had, in the meanwhile, conveyed the property to Sam Minchen for $12,500.00.

Then Mrs. Kimmel, joined by her husband, brought suit against the said Walston and Minchen to recover from them jointly and severally, the sum of $625.00, being the sum which she had earned under her contract with Walston, and she also sought to have the court fix an equitable lien against the lot to secure the payment of said sum. And in that connection she alleged that Minchen knew of her brokerage contract and that he acted together with Walston to defraud her out of her earned commission. In her suit she also sought to recover punitive damages in the amount of $1000.00. The court, trying the case without a jury, rendered judgment that Mrs. Kimmel and husband recover only from J. H. Walston the sum of $625.00, but further rendered judgment that, to secure the payment thereof the said plaintiffs, Mrs. Kimmel and husband, have a valid equitable lien upon the lot in question prior and superior to any right of the said Walston and Minchen in and to said lot, and the court ordered said lien foreclosed as it existed on the property on

July 10, 1946, which was the date of the exclusive contract of sale given by Walston to Mrs. Kimmel.

Sam Minchen alone filed a motion for new trial which was by operation of law overruled. He has prosecuted his appeal upon two points, which are to the effect:

(1) The error of the court in recognizing an equitable lien on said property and ordering same forclosed as such judgment was contrary to the evidence.

(2) The error of the court in recognizing an equitable lien upon said property and ordering same foreclosed because an equitable lien on real estate can be created only by an instrument in writing which clearly evidences the intention of the parties to creating such a lien.

Plaintiffs have filed no brief, see Rule 419, Texas Rules of Civil Procedure. However, they did appear by their attorney at submission and urged this appeal be dismissed upon the ground that this court was without jurisdiction to consider same for the reason that the record does not show that the motion for new trial was ever presented to the trial court. The motion is without merit and is overruled. As stated above, the trial was without a jury. See Rule 324, T.R.C.P. The Civil District Courts of Harris County are governed by Rule 330, Texas Rules of Civil Procedure, and the motion for new trial which Mr. Minchen filed, though he was not obligated to do so in order to appeal, became overruled by operation of law when not presented to the trial court in 30 days.

By the terms of a brokerage contract, the only right that Mrs. Kimmel obtained was to have Walston pay her $625.00 when she procured a purchaser ready, willing and able to purchase the property for the specified price. Her contract did not provide for security of any kind to enforce the payment of her commission and specifically did not provide for any lien against the lot to be sold to secure the payment of her said commission. Had Walston refused to sell the property, even though he had retained it and not sold same to Sam Minchen, Mrs. Kimmel would not have been entitled to have any lien fixed upon the property to secure the payment of her said commission. A purchaser from Walston of the property with full notice of the contract could not in any event occupy a worse position with reference thereto than Walston would occupy had he never sold same. In practically every brokerage contract the purchaser of the real estate knows that the broker is entitled to a commission from the seller, but he also knows that the broker must look to the seller for payment thereof. His knowledge of the right of the broker to be paid his commission by the seller will not charge the property which he purchases with any lien to secure the payment of the broker's commission. Furthermore, if a purchaser of property, by his conduct, in some way prevents the broker from being paid the commission, it may well be, though we do not so hold, that he will be answerable in damages for a tort, but we know of no principle by which an equitable lien could be affixed to his property to secure the payment of the seller's debt to the broker.

We sustain plaintiff Minchen's points. See Home Investment Company v. Fidelity Petroleum Co., Tex.Civ.App., 249 S.W. 1109; Simpson v. Amarillo Benev. Ass'n, Tex.Civ.App., 68 S.W.2d 597; Carruth, Averitt & Carruth v. Neutzler, Tex.Com. App., 295 S.W. 187; Madden v. Shane, Tex.Civ.App., 185 S.W. 908; 33 Am.Jur. 428; 28 Tex.Jur. 11.

The judgment of the court insofar as it fixed an equitable lien upon the lot in question and ordered the same foreclosed is reversed and rendered. There was no appeal by Walston from the judgment against him, and the same is affirmed as to him.