### BOWMAN v. TRADERS & GENERAL INS. CO.

### No. 9784.

Court of Civil Appeals of Texas. Austin.

Jan. 12, 1949.

Rehearing Denied March 30, 1949.

See also Tex.Civ.App., 208 S.W.2d 420.

Wm. E. Davenport and Thos. Davenport, both of San Angelo, for appellant.

Neill & Lewis, of San Angelo, and Turner & Seaberry, of Eastland, for appellee.

PER CURIAM.

Appellee moves to dismiss this appeal on the ground the transcript and statement of facts, filed in this court on December 3, 1948, were improperly filed because the filing was not within the time prescribed by the Rules of Civil Procedure.

An examination of the transcript and certificate of the clerk of the trial court shows: (a) Trial was before a jury; (b) judgment was entered August 12, 1948; (c) motion for new trial was filed August 14, 1948; (d) an amended motion for new trial was left with the clerk of the trial court some time during October 1948, but was not filed; (e) motion for new trial (whether original or amended motion not shown) was overruled October 14, 1948.

The trial court, being the District Court of Tom Green County, 119th Judicial District has continuous terms as defined by the first paragraph of Rule 330, Texas Rules Civil Procedure. See Sections (Districts) 51 and 119, art. 199, Vernon's Ann.Civ.St., which prescribe the terms for the two district courts of Tom Green County.

Such courts are therefore governed by the practice and procedure prescribed by Rule 330, Texas Rules Civil Procedure. See Rule 331, T.R.C.P.

Sub. (k) of Rule 330 provides: "A motion for new trial where required shall be filed within ten (10) days after the judgment is rendered or other order complained of is rendered, and may be amended by leave of the court at any time before it is acted on within twenty (20) days after it is filed."

And Sub. (j), Rule 330, provides: " * * * All motions and amended mo-

150

tions for new trials must be presented within thirty (30) days after the original motion or amended motion is filed and must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date."

Applying these rules to the record before us it clearly appears that (1) the amended motion for new trial was not tendered for filing within 20 days after the original motion was filed; (2) the original motion for new trial was not presented within 30 days after it was filed; and (3) the original motion for new trial was not determined within not exceeding 45 days after its filing.

The following conclusions necessarily ensue:

(1) The amended motion for new trial was tendered for filing too late and the clerk of the trial court properly declined to file it. Traders & General Ins. Co. v. Scott, Tex.Civ.App., Ft. Worth, 189 S.W.2d 633, Writ Ref. W.M.

(2) The original motion for new trial, not having been presented within 30 days after it was filed, was overruled by operation of law on September 14, 1948. Tunstill v. Scott, Tex.Civ.App., Ft. Worth, 182 S.W.2d 734, Writ Ref. W.M.

(3) The original motion for new trial was overruled by operation of law, in all events, on September 28, 1948, 45 days from the date on which it was filed and the trial court's order overruling such motion on October 14, 1948, was without legal effect. Jones v. Campbell, Tex.Civ.App., Ft. Worth, 188 S.W.2d 679, Writ Ref.

The record was not filed in this court within 60 days from either September 14, 1948, or September 28, 1948. It was filed too late. Rule 386, T.R.C.P.

Appeal dismissed.

## On Motion for Rehearing.

Appellant concedes that no written agreement was made by the parties postponing decision on the motion for new trial as required by Sub. (j) Rule 330, T.R.C.P., although he states that an oral agreement was made which was confirmed by a telegram dated October 5, 1948, from appellee's attorney to appellant's attorney, reading: "Bowman hearing for Octobeer 14th satisfactory."

On October 5 the motion had been overruled by operation of law and the telegram, even if constituting an agreement under the Rule, was without legal effect. Jones v. Campbell, supra, cited in original opinion.

Appellant filed no motion under Rule 386, T.R.C.P., showing good cause why his record could not have been timely filed. Compliance with this rule is necessary to invoke exercise of our discretion as to whether records may be filed tardily. Greer v. Poulter, Tex.Civ.App., Ft. Worth, 189 S.W.2d 883, Writ Ref. W.M. The case of J. D. McCollom Lumber Co. v. Whitfield, Tex.Civ.App., Austin, 53 S.W.2d 77, 78, cited by appellant, was decided before adoption of the present rules of civil procedure and does not control.

If dismissal of this appeal were discretionary with us, the motion to dismiss would be denied. We believe we have no discretion and therefore overrule the motion for rehearing.

Overruled.