**MARTINEZ et al. v. STEPHENS et al.**
**No. 12401.**

Court of Civil Appeals of Texas.
San Antonio.
Feb. 20, 1952.

Polk Hornaday, Harlingen, L. R. Cowen, Brownsville, for appellants.

Kemp, Lewright, Dyer & Sorrell, Corpus Christi, for appellees.

PER CURIAM.

Appellee Mercy Hospital has filed a motion to dismiss this appeal because the record was not filed in this Court within the time prescribed by Rule 386, Texas Rules of Civil Procedure.

The record shows that plaintiff below timely filed a motion for a new trial on September 25, 1951, and there is a notation on the judge's docket to the effect that on October 19, 1951, this motion for a new trial was duly presented to the trial court and overruled by him. On November 23, 1951, an order was signed by the trial judge reciting that the motion for a new trial was considered on October 19, 1951 and was overruled. The case was tried in the district court of Cameron County, Texas, 107th Judicial District, which court holds continuous terms and therefore the filing and presenting of this motion for a new trial is governed by the provisions of Rule 330(j) of the Texas Rules of Civil Procedure. This rule provides that "All motions and amended motions for new trials must be presented within thirty (30)

days after the original motion or amended motion is filed and must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date."

The motion for a new trial having been filed on September 25, 1951, it would be overruled in any event by operation of law on November 8, 1951, unless sooner acted upon by the trial judge. This time of course could be extended by the written agreement of the parties which was not done in this case. The order signed by the Judge on November 23, 1951 could in no way affect the time within which the appeal was required to be filed in this Court. This order if it be given any effect whatever, shows that the motion for a new trial was overruled by the court on October 19, 1951, or by operation of law on November 8, 1951. The record was presented to this Court on January 22, 1952, which was more than sixty days after the motion for a new trial was overruled in any event by operation of law. No motion was filed in this court asking for an extension of time within which to file the record, under the provisions of Rule 386, T.R.C.P., therefore, we have no jurisdiction to hear and determine this cause other than to order its dismissal. Jones v. Campbell, Tex.Civ. App., 188 S.W.2d 679; Bowman v. Travelers & General Insurance Co., Tex.Civ. App., 219 S.W.2d 148; National Life & Accident Insurance Co. v. Collins, Tex. Civ.App., 224 S.W.2d 285; Minchen v. Kimmel, Tex.Civ.App., 210 S.W.2d 644; Gillespie v. Rossi, Tex.Civ.App., 238 S.W. 2d 547; Magnolia Petroleum Co. v. Klingeman, Tex.Civ.App., 242 S.W.2d 950.

Appellant has filed a reply to the motion to dismiss contending that under the provisions of Rule 306a appellant had sixty days after the signing of the order overruling the motion for a new trial of November 23rd, 1951 within which to file the record in this court. We overruled this contention. It is true that Rule 306a provides in effect that when a judgment or order is reduced to writing and signed by the trial judge that the date of the signing

of such order is to be taken as the date of rendition for the purpose of computing the time within which the record must be filed in the Court of Civil Appeals. This rule contemplates the filing of a valid order and not an invalid one. Under the provisions of Rule 330(j), supra, if the trial judge is going to sign an order overruling a motion for a new trial he must do so within the forty-five day period and if he fails to do so the motion for a new trial is overruled by operation of law and any order overruling the motion entered by him thereafter is a nullity.

 In Bowman v. Traders & General Ins. Co., 219 S.W.2d 148, 150, Writ Refused, the Austin Court of Civil Appeals in a per curiam opinion said: "The original motion for new trial was overruled * * in all events, on September 28, 1948, 45 days from the date on which it was filed and the trial court's order overruling such motion on October 14, 1948, was without legal effect."

In Jones v. Campbell, Tex.Civ.App., 188 S.W.2d 679, 684, Writ Refused the court said: "We are of (the) opinion that the motion for a new trial was overruled by operation of law long before the attempted action of the trial court in overruling it; that such order overruling the motion is a nullity; * * *."

The motion for a new trial was overruled either on October 19 when the notation on the trial docket says it was overruled or on November 8, 1951, the 45th day after it was filed. Regardless of which date you accept, the record was tendered too late to the clerk of this Court. The trial judge had no jurisdiction to overrule the motion for a new trial after November 8, 1951.

Appellants, in the alternative, also contend that inasmuch as the order signed by the trial judge on November 23, 1951 was approved as to form by one of appellees' attorneys it constituted an agreement in writing of the parties that the forty-five day period provided for by Rule 330(j) be extended. We overrule this contention. It is not shown when appellees' attorneys approved the order as to form, but regardless of this such action indicates nothing more than appellee has no objection to the form of the order. If this was not true a party might waive all of his right simply by approving a judgment as to form from which he is prosecuting an appeal. Rule 330(j) is very specific in stating not only that an agreement of the parties must be made to enlarge the forty-five day period but also that it must be made in writing.

Accordingly appellees' motion to dismiss appeal is granted and the cause dismissed.